[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants CPM Insurance Services, Inc. and Pamela Kahl moved to strike the first and fifth counts of the plaintiff's April 10, 2002 revised complaint.
The revised complaint alleged that the plaintiffs were owners of certain real property in New Haven, Connecticut. The owner's contacted CPM, an Insurance Agency, for the purpose of procuring insurance coverage for these properties. The defendant, Pamela Kahl, was an agent and employee of the defendant CPM.
On February 3, 2001, property of the defendant sustained fire damage. The plaintiffs complain that the insurance coverage procured through CPM was inadequate and deficient with respect to covering its loss.
The revised complaint is in five counts. Count one alleges professional negligence, count two incorporates count one, and with additional allegations claims negligent or intentional misrepresentation. Counts three and four allege breach of warranty and breach of contract respectively. Count five alleges that the negligence of CPM amounts to a violation of the Connecticut Unfair Trade Practices Act § 42-110 et seq.
The defendant moves to strike count two claiming that it fails to allege sufficient facts to set forth a claim for negligent and/or intentional misrepresentation. The defendant further moves to strike count five alleging that it is legally insufficient because the CT Page 10056 plaintiffs have not alleged a violation of the Connecticut Unfair Insurance Practices Act §§ 38a-815 et seq and further that the Unfair Trade Practices Act does not apply to professional malpractice.
Count Two
In Count two the plaintiffs have alleged, among other things, the following:
 "8. It was represented to the Plaintiffs by CPM and Kahl that it and she were experts in commercial and residential insurance and that they would ensure that the Plaintiffs had adequate and sufficient coverage for all their risks of loss with regards to the Subject Properties.
 9. In particular, with regards to the Dwight Street property which consists of (3) multi-family houses, an artist studio and (4) garage structures, Plaintiff David M. Krassner was repeatedly advised by the defendant's that the insurance he was procuring through them was more than adequate and sufficient to fully cover any damage claim Plaintiffs might possibly suffer, as well as any loss of rental income in the event of a fire or some other type of damage which significantly altered the subject premises and rendered same on unusable and unrentable."
The foregoing paragraphs eight and nine of the first count are incorporated into the second count. In addition the second count contains the following allegations:
 "14. The plaintiffs reasonably relied to their detriment upon the false and misleading representations of the Defendants when utilizing their services in order to procure insurance for the Subject Properties and paid substantial premiums for the coverage which Defendants recommended and procured for them.
 15. Said representations by Defendants to Plaintiffs regarding the Defendants' supposed expertise, thoroughness and professionalism were not true and/or were negligent and/or intentional misrepresentations.
16. Because of said misrepresentations by Defendants, CT Page 10057 the Plaintiffs have suffered loss and significant damages and they hereby seek compensation for same.
A party asserting a claim for negligent misrepresentation must allege that: (1) a false representation was made to the party as a statement of fact, (2) it was made for the guidance of the party, (3) the party making the representation failed to exercise reasonable care in obtaining or communicating the information, and (4) the pleader justifiably relied on the representation to its detriment. Beverly Hill Concepts, Inc. v.Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 57 (1998).
The court finds that the quoted language sufficiently comports with the test set forth in Beverly Hills Concepts to state a cause of action when the facts as alleged are taken as true for the purposes for the motion to strike. Accordingly the motion to strike the second count is denied.
Fifth Count
The defendant in moving to strike the CUTPA count claims that the count is legally insufficient because it alleges a violation of CUTPA without alleging a violation of CUIPA. In the seminal case of Mead v. Burns,199 Conn. 651, 663-66, the Supreme Court stated that the plaintiff could not maintain a CUTPA action for an insurance practice which did not constitute a violation of CUIPA. Recently, Judge Thompson in Steiger v.Giordano Associates, Inc., Superior Court, judicial district of New Haven at New Haven 2002 WL 450625 (Feb. 27, 2002) relied on Mead to hold that a CUIPA claim was essential to our CUTPA claim when the action involved an independent insurance adjusting company. The court finds that under the present status of the pleading, the plaintiff has not alleged a CUIPA claim and accordingly the CUTPA claim is stricken.
In addition the defendants claim that the plaintiffs cannot set forth a CUTPA claim because the alleged misconduct amounts to professional negligence. The Supreme Court has held that CUTPA does not lie in a professional negligence claims involving medical malpractice. Haynes v.Yale-New Haven Hospital, 243 Conn. 17 (1997). The Supreme Court has likewise held that a CUTPA claim will not lie for legal professional malpractice. Beverly Hill Concepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 79 (1998). This principle has been extended to licensed clinical psychologists by the Appellate Court in Rumbin v.Baez, 52 Conn. App. 487 (1999).
In the context of medical and legal malpractice claims our Supreme Court has ruled that CUTPA's application to the professions is limited for professional conduct and that "only the entrepreneurial or commercial aspects of the [medical] profession are covered [by CUTPA], just as only CT Page 10058 the entrepreneurial aspects of the practice of law are covered by CUTPA."Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 34. In the case before the court the CUTPA claim does not deal with the entrepreneurial aspects of the sale of insurance coverage.
Neither the Supreme nor appellate court have dealt with the myriad of other possible professions or para-professions which might be subject to CUTPA claim. A number of Superior Courts have held that the CUTPA exclusion for professional negligent extends to professions other than law and medicine. See Worldwide Preservation Services, LLC v. IVth Shea,LLC, Superior Court, judicial district of Stamford-Norwalk at Stamford, Complex Lit. Docket No. 167154 (February 1, 2002) (Tierney, J.) (29 Conn.L.Rptr. 1) (engineering); Amity Regional School District No. 5 v.Atlas Construction Co., Superior Court, judicial district of Waterbury, Complex Lit. Docket No. 153388 (July 26, 2000) (McWeeny, J.) (27 Conn.L.Rptr. 605) (architecture); Day v. Yale University School of Drama, Superior Court, judicial district of New Haven at New Haven, Docket No. 400876 (March 7, 2000) (Licari, J.) (26 Conn.L.Rptr. 634) (education);Ann Fields of South Windsor v. Prestileo, Superior Court, judicial district of Hartord, Docket No. 569685, 1999 WL 701846 (August 25, 1999) (Bishop, J.) (insurance agents); Shareamerica, Inc. v. Ernst Young, Superior Court, judicial district of Waterbury, Complex Lit. Docket No. 150132, 1999 WL 545417 (July 2, 1999) (Sheldon, J.) (accounting).
The court holds that the CUTPA claim alleged in count five is essentially a professional malpractice claim against an independent insurance agent. As such the court finds that professional malpractice may not support a CUTPA claim. Count five is stricken for this reason as well.
Conclusion
The motion to strike count two is denied. The motion to strike count five is granted both on the ground that count five lacks the prerequisite CUIPA claim and on the ground that count five is a professional malpractice claim which will not support a claim for CUIPA.
The Court,
By: ________________
Kevin E. Booth, Judge CT Page 10059